UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

B. A. DRAUGHN,

             Plaintiff,

    v.

PRESIDENT NORWEST BANK COMPANY
MINNEAPOLIS, MN,

             Defendant.

_____

Civil No. 11-2940 (DSD/JJG)


**REPORT AND
RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on

Plaintiff's application for leave to proceed in forma pauperis, ("IFP").  (Docket No. 2.)

Plaintiff is seeking IFP status pursuant to 28 U.S.C. § 1915, so that he will not have to

pay the filing fee and other costs associated with this action.  The matter has been

referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local

Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP

application be denied, and that this action be dismissed.

An IFP application will be denied, and the action will be dismissed, when the

plaintiff has filed a complaint that fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per

curiam).

To state an actionable claim for relief, a complaint must allege a set of specific

historical facts, which, if proven true, would entitle the complainant to some legal

recourse against the named defendant(s), based on some cognizable legal theory.

Although federal courts must "view pro se pleadings liberally, such pleadings may not

be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

In this case, the substantive allegations set forth in the complaint, repeated verbatim and in their entirety, are as follows:

> "HE DEPOSITED TWO CHECK'S [SIC] INTO MY CHECKING ACCOUNT."
>
> I TRIED TO CONTACT THE BANK AND COULDN'T SO I'M FILING CLAIM FOR THE FUNDS."

(Complaint, pp. 3-4, § 7.)

Plaintiff's complaint does not describe any grounds for federal subject matter jurisdiction,[1] and it does not describe any cognizable legal theory that could support any actionable claim against the named Defendant – "President Norwest Bank Company Minneapolis, MN." Based only on the two oblique sentences quoted above, Plaintiff is seeking a judgment against the named Defendant in the amount of $5.1 million. (Id., p. 4, "REQUEST FOR RELIEF.")

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.

---

[1] The complaint form that Plaintiff has used in this case directed him to identify the federal constitutional, statutory or treaty right on which his lawsuit is based. Plaintiff completed this section of the complaint form as follows: "TWO U.S. TREASURY CHECK'S [SIC] TO PRESIDENT OF BANK – NORTHWESTERN AT THE TIME." (Complaint, p. 3, § 4.) This cryptic phrase plainly does not identify any viable grounds for federal subject matter jurisdiction.

544, 570 (2007).  Plaintiff's current complaint does not meet this standard.  Even with

the liberal construction that is required in pro se cases, (Atkinson, 91 F.3d at 1129,

citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)), Plaintiff's current

complaint clearly fails to state any actionable claim for relief.

Because Plaintiff's complaint does not set forth sufficient allegations to state a

cause of action on which relief can be granted, his IFP application must be denied, and

this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2.  This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: October 12, 2011          _s/ Jeanne J. Graham_____
                                 JEANNE J. GRAHAM
                                 United States Magistrate Judge


## NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **October 27, 2011**. A party may respond to the objections within fourteen (14) days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.